**[J-25-2014][M.O. – Stevens, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 654 CAP |
| | : | |
| Appellee | : | Appeal from the Judgment of Sentence |
| | : | entered on 9/6/11 in the Court of |
| v. | : | Common Pleas, Criminal Division of |
| | : | Allegheny County at No. CP-02-CR- |
| RICHARD ANDREW POPLAWSKI, | : | 0005652-2009 |
| | : | |
| Appellant | : | |
| | : | ARGUED: April 9, 2014 |

**CONCURRING OPINION**

**MR. CHIEF JUSTICE SAYLOR**                    **DECIDED: December 29, 2015**

I join Parts I and II of the majority opinion and concur in the result relative to the balance.

With regard to the treatment in Part III of Appellant's claim of trial court error related to the admission of his statements containing racial epithets, I have difficulty with the majority's abbreviated disposition of the claim based on harmlessness, particularly as it relates to the penalty phase of trial. *See* Majority Opinion, *slip op.* at 27-28. In this regard, the epithets certainly bolstered the prosecutor's inciting remarks during the penalty phase denominating Appellant as within a class of "haters and bigots and racists[.]" *Id.* at 48 (quoting N.T., June 28, 2011, at 328). Since a broader assessment of the impact of the overall evidence along these lines will likely be required on post-conviction review, I would refrain at this juncture from wider pronouncements, pertaining to the penalty phase, as to harmlessness.

Concerning Part V's treatment of the admission of evidence that Appellant visited a controversial website, I would not deem Appellant's challenge to have been waived as does the majority. *See id.* at 48. The material aspect of the salient objection, it would seem to me, is invocation of the requirement of Rule of Evidence 403 that evidence should be excluded where its probative value is outweighed by the danger of unfair prejudice. *See* Pa.R.E. 403. While certainly inartful, Appellant's trial counsel appears to have been attempting to advance just such an argument, when she was interrupted by the trial judge's ruling. *See* N.T., June 23, 2011, at 871-72 ("[B]ecause he's on the Penguin website, that doesn't make him a hockey player. Because he was on StormFront –"). As I would treat this claim as preserved, at least as pertaining to the guilt phase of trial, I would simply deem the evidence harmless in such regard.

As to the potential spillover effect into the penalty phase, however, I believe that this matter is best left for post-conviction review. In this regard, I note that penalty counsel did not object when the Commonwealth moved for incorporation of the guilt-phase evidence into the penalty phase, although the very limited purpose for which some of that evidence had been admitted was unrelated to penalty. Moreover, penalty counsel also failed to object to the prosecutor's specific allusions to the evidence, which clearly transcended the basis for its admission at the guilt phase. *See* N.T., June 28, 2011, at 328 ("Nazism, StormFront, haters, ladies and gentlemen . . .[;] what he learned on those websites, chatting with those people, those like-minded haters and bigots and racists, we'll never know."). From my point of view, in the absence of critical objections to a pattern of conduct on the part of the prosecutor – encompassing statements deemed by the majority to be "highly irregular and improper," Majority Opinion, *slip op.* at 53 n.17, and by the trial judge to be "way over the line" and "just pandering to the

emotions of the jury," N.T., June 27, 2011, at 95-96 – I believe that a probing judicial assessment is properly reserved to post-conviction.

Regarding the issue of future dangerousness (Part VI), the Court recently related that "a prosecutor is permitted to discuss a defendant's future dangerousness during rebuttal, after a defendant *places his future conduct at issue*." *Commonwealth v. Eichinger*, ___ Pa. ___, ___, 108 A.3d 821, 835 (2014) (emphasis added). The majority appears to appropriately determine that mitigation evidence centered on a defendant's positive influence on peers as recently as high school, *see* Majority Opinion, *slip op.* at 60-61), is not of a type placing future conduct in issue, but it proceeds nevertheless to deny relief based on harmless error. *See id.* at 58-59. Again, viewing this claim in isolation, I do not regard the difficulty with the prosecutor's remarks implicating future dangerousness as sufficient, in and of itself, to warrant a new penalty hearing, but I would reserve an assessment of the aggregation of the prosecutorial overreaching for the post-conviction stage, where the broader range of it may be appropriately considered.

Finally, I am concerned with the apparent abuse of the latitude afforded to the prosecution to introduce victim-impact evidence, *see* Majority Opinion, slip op. at 59-60, and I would suggest that this case may present an apt vehicle, on post-conviction review, for imposing some rational limits as a supervisory matter.